IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
--------------------------------------------------------------------------------

TIMOTHY CROWLEY,

                              Plaintiff,                        OPINION & ORDER

    v.

                                                                15-cv-006-wmc

STUN-TECH INC., KARVONS ARMS,
STINGER SYSTEMS, INC., ELECTRONIC
DEFENSE TECHNOLOGIES LLC and
R.A.C.C. INDUSTRIES INC.,

                              Defendants.
--------------------------------------------------------------------------------

      Plaintiff Timothy Crowley alleges that on or about September 10, 2011, he was severely injured by a Remote Electronically Activated Control Technology Belt ("REACT Shock Belt"), which allegedly activated of its own accord while he was wearing it, shocking him severely. Crowley further alleges that the manufacturers of the REACT Shock Belt were fully aware that the patent underlying the belts (U.S. Patent no. 4,943,885, directed to a "Remotely Activated, Nonobvious Prisoner Control Apparatus") was unsafe and defective, but nevertheless manufactured, licensed and sold the REACT Shock Belts without warning their customers. Because Crowley is proceeding *in forma pauperis*, at this point the court would ordinarily screen his complaint to determine whether it was frivolous, malicious or failed to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2). Before screening can take place, however, the court must first confront a fundamental problem with Crowley's complaint: it contains insufficient allegations to determine whether the court has subject matter jurisdiction.

      "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). A complaint must be

dismissed for want of jurisdiction unless it: (1) alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000; or (2) raises a federal question. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Crowley alleges in his complaint that the court has both federal question and diversity jurisdiction in this matter. (*See* Compl. (dkt. #1) 1.) As to the first, the complaint does not plead a federal question under 28 U.S.C. § 1331. Resolving Crowley's claims will require the court to look to state law addressing products liability, which obviously does not present a federal question. While Crowley refers to a patent in his complaint, that alone does not give this court jurisdiction over his case. Jurisdiction under 28 U.S.C. § 1338(a) extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). Here, the cause of action is really for a defective *product* -- the REACT Shock Belts -- which arises from state products liability law rather than federal patent law. Although Crowley frames his claim as one for a defective *patent*,

the court is aware of no patent claim for compensatory damages premised on a theory that the patent teaches a defective and dangerous product.[1]

As for the second possible jurisdictional basis, Crowley has also failed to allege sufficient facts to determine whether diversity jurisdiction exists in this matter. Diversity jurisdiction requires complete diversity of citizenship, meaning that "there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Unfortunately, the court cannot ascertain the parties' citizenship from Crowley's complaint. For himself, Crowley provides a mailing address in Green Bay, Wisconsin, but he does not allege his domicile (that is, "the state in which [he] intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). For each corporate defendant, Crowley has failed to plead the state of incorporation and principal place of business, instead pleading only fictitious addresses located in the "USA." *See* 28 U.S.C. § 1332(c)(1). Finally, one defendant, Electronic Defense Technology, LLC, is alleged to be an LLC. "The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of defendant's members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Before dismissing this action for lack of subject matter jurisdiction, the court will give Crowley thirty days to cure the defects in his complaint. Crowley should allege the state in

---

[1] A patent *may* be invalid if it is "totally incapable of achieving a useful result," which can involve an assessment of the safety of the invention. *See NexMed Holdings, Inc. v. Beta Techs., Inc.*, 718 F. Supp. 2d 1299, 1311-12 (D. Utah 2010) (quoting *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1571 (Fed. Cir. 1992)). Here, however, Crowley seeks compensatory and punitive damages for injuries caused by a defective product, albeit one allegedly covered by a patent, not a declaration of invalidity. Even if Crowley intended to bring an invalidity challenge, which is highly unlikely, he does not allege that the REACT Shock Belts are so dangerous that they are "totally incapable" of achieving a useful result, which is also highly unlikely.

which he is domiciled and should make good faith allegations as to the citizenship of each of the defendants he names, including the state of incorporation and principal place of business of each corporation and the citizenship of each of the members of the defendant LLC.

If Crowley successfully alleges diversity of citizenship, then the court will proceed to screen his complaint. If he does not, the court lacks subject matter jurisdiction to proceed and must dismiss this action.

## ORDER

IT IS ORDERED that:

1) Plaintiff Timothy Crowley has until June 8, 2015, to file an amended complaint containing good faith allegations as to the citizenship of all parties in this case.

2) Failure to do so will result in a prompt dismissal of this action without prejudice for lack of subject matter jurisdiction.

Entered this 8th day of May, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge