IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY CROWLEY,

                Plaintiff,

v.

STUN-TECH INC., KARBON ARMS, STINGER SYSTEMS, INC., ELECTRONIC DEFENSE TECHNOLOGIES LLC and R.A.C.C. INDUSTRIES INC.,

                Defendants.

ORDER

15-cv-006-wmc

---

On January 4, 2016, the court granted plaintiff leave to proceed on his products liability claims against five companies that allegly sold or manufactured the REACT Shock Belt. The U.S. Marshals Service returned summons unexecuted for each defendant after confirming that all five defendants are no longer active. (Dkt. #20.) In other words, the Marshals were unable to serve defendants because they are all out of business.

This case cannot proceed without a defendant with assets who can both defend against and, as appropriate, be held liable on plaintiff's products liability claims. In some situations in which a company has been renamed, reorganized, merged or dissolved, there may be a successor company that inherits its predecessor's liability. Here, the Marshals identified another company, Stuntronics LLC, that appears to be an active seller or manufacturer of a product that is somewhat similar to the REACT Shock Belt. According to information provided by the Marshals, the founder of Stuntronics was

either the founder or a manager of four of the five defendants. Nevertheless, it is unclear whether Stuntronics is a successor company that simply renamed itself, acquired the stock or purchased the assets of the defendants, or if it is a wholly unrelated company that makes a similar product to that accused in this case.

Even if Stuntronics were a successor company, it would not necessarily be liable for faulty products sold by now defunct companies. "The general rule in the majority of states, including Wisconsin, is that in a commercial context a corporation that purchases the assets of another corporation does not succeed to the liabilities of the selling corporation." *Gallenberg Equip., Inc. v. Agromac Int'l, Inc.*, 10 F. Supp. 2d 1050, 1053 (E.D. Wis. Aug. 12, 1998) (citing *Leannais v. Cincinnati, Inc.*, 565 F.2d 437 (7th Cir. 1977). Four exceptions to this general rule may, however, give rise to liability for a purchasing corporation: (1) the purchasing company expressly or impliedly agrees to assume the selling corporation's liabilities; (2) the transaction amounts to a consolidation or merger of the two corporations; (3) the purchaser corporation is a "mere continuation" of the selling corporation; or (4) the selling company enters into a fraudulent transaction to escape liability. *Gallenberg*, 10 F. Supp. 2d at 1053 (citing *Leannais*, 565 F.2d at 439).

If plaintiff can make the necessary factual allegations in good faith under one or more of these four categories, he may wish to amend his complaint to substitute Stuntronics or some other active company (to the extent plaintiff is aware of any) as the named defendant in this case. If plaintiff does not identify an active defendant, however, this case must be dismissed.

Accordingly,

ORDER

IT IS ORDERED that:

1. Plaintiff may have until March 1, 2016, to notify the court whether he intends to name Stuntronics and any other company as defendants.

2. If plaintiff chooses to name one or more new defendants, he must also include all facts reasonably known that would establish each defendant's citizenship for the purpose of determining federal diversity jurisdiction. If it becomes clear that subject matter jurisdiction exists, the court will then revisit plaintiff's motion for assistance in recruiting counsel.

3. If plaintiff does not notify the court of his decision by March 1, 2016, this lawsuit will be dismissed without prejudice.

Entered this 1st day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge